IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUB INTERNATIONAL MIDWEST LIMITED, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AEU BENEFITS, LLC; AEU HOLDINGS, LLC; ) <br> STEPHEN M. SATLER, individually and as an ) <br> officer and/or representative of AEU Holdings, LLC ) <br> and AEU Benefits, LLC; SD TRUST ADVISORS, ) <br> LLC; THOMAS B. STOUGHTON, individually and ) <br> as an officer of SD Trust Advisors, LLC; and ROD ) <br> MAYNOR, individually, ) <br> ) <br> Defendants. ) | Civil Action No.: 22-cv-1270 <br><br> Hon. Judge Joan Lefkow <br><br> Mag. Judge Sheila Finnegan |

**DEFENDANTS THOMAS B. STOUGHTON AND SD TRUST
ADVISORS, LLC'S COMBINED MOTION TO DISMISS THE
<u>SECOND AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW</u>**

This Court's March 29, 2023 Order states in part:

If Defendants Thomas Stoughton and SD Trust Advisors, LLC wish to simply renew their prior motion to dismiss or to refile it with the only changes being updated citations to reflect the second amended complaint, they may do so. If Defendants Stoughton and SD Trust opt for such a route, they should file a statement indicating so and certifying that they have made no substantive changes to their motion to dismiss. Absent any objection from HUB, the court will not require additional briefing from the parties.

(ECF Docket Entry No. 28, March 29, 2023) Accordingly, Defendants hereby affirm and certify by and through their counsel that this renewed motion to dismiss has updated citations to reflect the Second Amended Complaint but includes no substantive changes.

Defendants Thomas B. Stoughton, ("Mr. Stoughton") and SD Trust Advisors, LLC, ("SD") hereby move to dismiss the Second Amended Complaint ("the Complaint") (ECF No. 27) of Plaintiff HUB International Midwest Limited ("HUB") pursuant to Federal Rules of Civil

1

Procedure 12(b)(2) and 12(b)(6) because (i) the Court lacks personal jurisdiction over SD and Mr. Stoughton; and (ii) the Complaint fails to state a claim against SD and Mr. Stoughton. This Motion is supported by the Declaration of Thomas B. Stoughton attached as Exhibit A and incorporated by reference.

I.  **STATEMENT OF THE CASE**

HUB filed this lawsuit in its home forum against six defendants, including Mr. Stoughton and SD. In the Complaint, HUB provides a general background of each defendant and identifies defendant's AEU Benefits, LLC, AEU Holdings, LLC, Steven Satler and Rodney Maynor as individuals or legal entities that "exercised discretionary authority and discretionary responsibility in the disposition of the assets, and the administration of, underwriting for, and payment of claims of an employee medical benefits plan" referred to as either the AEU Plan, The Black Wolf Plan, VEBA Trust, or Cigna VEBA Trust (collectively "The Plan" or "Plans"). (Compl. ¶¶ 16, 18, ECF No. 27).[1]

HUB alleges SD provided banking services to defendant AEU "by holding the assets of the Employer Groups... (The Plans)... in SD Trust's name at Iberia Bank, and paying money out of the accounts to other service providers at the AEU defendant's direction." (Compl. ¶ 26, ECF No. 27). HUB alleges Mr. Stoughton in part owns and operates SD. (Compl. ¶ 28, ECF No. 27). HUB does not allege SD or Mr. Stoughton has any operational control, discretionary responsibility or asset management responsibility for any of the Plans or payment of any claims from Plan assets.

Per the allegations set forth in the Complaint, the various Plans failed, resulting in more

---

[1] As used herein, references to "Compl. ¶___, ECF No. 27" refer to Plaintiff's Second Amended Complaint filed on March 28, 2023 at ECF Docket No. 27.

than $55 million in unpaid health and benefits claims. (Compl. ¶ 61, ECF No. 27).

On November 2, 2017, the Department of Labor filed suit against HUB and others (the "DOL Action"), asserting that the monetary shortfall was caused by the fiduciary breaches of the defendants to the DOL Action, including HUB taking excessive, undisclosed fees from the premiums it collected. *See* DOL Complaint, *Walsh v. AEU Benefits, LLC, et al.*, pending in the United Stated District Court, Northern District of Illinois, No. 1: 17-cv-07931-JHL-SMF (United States District Judge Joan H. Lefkow) (the "DOL Action") attached as Exhibit A to HUB's Complaint.

Summarily stated, defendants SD and Mr. Stoughton move for dismissal because:

(i) This Court lacks personal jurisdiction over SD and Mr. Stoughton; and

(ii) Count One for Negligent Misrepresentation against SD and Mr. Stoughton fails to state a claim, and Count Two for Fraudulent Misrepresentation against SD and Mr. Stoughton fails to state a claim.

## II. THE COURT LACKS PERSONAL JURISDICTION OVER SD TRUST ADVISORS, LLC AND THOMAS B. STOUGHTON

HUB's Complaint against SD and Mr. Stoughton should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) because this Court lacks personal jurisdiction over SD and Mr. Stoughton. When a defendant makes a 12(b)(2) motion to dismiss, the plaintiff "bears the burden of establishing a prima facie case for personal jurisdiction," *Real Colors, Inc. v. Patel,* 974 F. Supp. 645, 648 (N.D. Ill. 1997), and the court may consider affidavits from both parties. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782-83 (7th Cir. 2003). Mr. Stoughton is a resident of the State of Georgia and has no contacts with the State of Illinois. (Stoughton Decl. ¶ 4 ). SD is a properly formed District of Columbia limited liability company that does not conduct business within the State of Illinois. (Stoughton Decl. ¶¶ 10,11 13). In the case at bar,

3

HUB has not alleged any facts sufficient to establish personal jurisdiction over either SD or Mr. Stoughton. (Compl. ECF No. 27).

### A. Lack Of General Jurisdiction

In determining whether asserting jurisdiction comports with due process, a court must consider whether either "general jurisdiction" or "specific jurisdiction" exists. *See Kipp v. Ski Enterprise Corp. of Wisconsin, Inc.,* 783 F.3d 695 at 697-98 (7th Cir. 2015). Here, neither applies. "General jurisdiction is all-purpose; it exists only when the [party's] affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Id* at 697, 698. Mr. Stoughton has no "affiliations with Illinois sufficient to deem him as being "essentially at home" in Illinois. (Stoughton Decl. ¶¶ 1-11). Mr. Stoughton is not domiciled in Illinois and has no other business, personal or real estate connections to Illinois. (Stoughton Decl. ¶¶ 1-11).

### B. Lack Of Specific Jurisdiction

When addressing "specific jurisdiction" the Seventh Circuit has identified three criteria for specific jurisdiction:

> (1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice.

*See Centurion Servo Grp., LLC v. SBMC Healthcare, LLC*, 944 F. Supp. 2d 617, 621 (N.D. Ill. 2013) (citations omitted).

Mr. Stoughton's and SD's suit-related conduct is what must create a substantial connection to the forum state. HUB's claims in this case against Mr. Stoughton and SD sound in fraud and negligent misrepresentation. Thus, only the defendant's contacts with Illinois related to

4

those alleged activities may support the existence of specific personal jurisdiction. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014).

HUB's claims against Mr. Stoughton and SD all arise from a single meeting that took place on March 9, 2017 in Chicago, Illinois. (Compl. ¶¶ 31-44, ECF No. 27). HUB admits it called the meeting because it was aware of problems defined as "servicing issues" with the Plans and problems with unpaid claims for medical benefits. (Compl. ¶¶ 31-33, ECF No. 27). The purpose of the meeting was to discuss the unpaid claims and HUB's future with Defendant AEU Holdings. (Compl. ¶¶ 32-33, ECF No. 27). Mr. Stoughton attended the meeting as an officer of SD. (Stoughton Decl. ¶¶ 13,14). SD held certain Plan assets that were controlled and under management of Defendant AEU. (Compl. ¶ 26, ECF No. 27).

Other than Mr. Stoughton's attendance as an officer of SD at the March 9, 2017 meeting in Chicago, IL, there are no allegations whatsoever against Mr. Stoughton or SD in the Complaint that allege Mr. Stoughton maintained any business operations or presence in Illinois, or was to perform any act within Illinois, sufficient to confer personal jurisdiction over him or SD. (*See generally,* Compl. ECF No. 27). This single meeting attended by Mr. Stoughton in his capacity as an officer of SD, is insufficient to establish personal jurisdiction over either Mr. Stoughton or SD. *See Helicopteros Nacionales De Columbias v. Hall,* 466 U.S. 408 (1984) (holding single meeting insufficient to establish personal jurisdiction).

Additionally, any attempt by HUB to assert that the Court has personal jurisdiction over SD or Mr. Stoughton by virtue of its alleging that an intentional tort took place at the meeting in Chicago, Illinois on March 9, 2017 which harmed HUB fails to establish the minimum contacts required with the State of Illinois for jurisdiction to attach. *See Advanced Tactical Ordinance systems, LLC v. Action Paintball, Inc.,* 751 F.3d 796 (7th Cir. 2014).

Lastly, HUB fails to allege any facts that show Mr. Stoughton or SD possessed any intent to affect an Illinois interest. Such an intent is required to confer personal jurisdiction where, as here, HUB's only alleged injury is economic. *See Real Colors, Inc.*, 974 F. Supp. at 649.

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-72 (1985). Neither Mr. Stoughton or SD have any meaningful contacts, ties, or relations with Illinois. (Stoughton Decl. ¶¶ 1-11 ). Therefore, requiring Mr. Stoughton or SD to defend this action in Illinois would violate due process.

### C. Thomas B. Stoughton Is Protected By The Fiduciary Shield Doctrine

The Fiduciary Shield Doctrine holds that it is unfair and unreasonable to assert personal jurisdiction over an individual who seeks the benefit of Illinois law solely to serve the interests of his employer or principal. *See Rollins v. Ellwood,* 141 Ill. 2D 244, 280 (1990).

Mr. Stoughton had no contractual involvement relevant to this litigation with HUB or any other defendant other than the work he performed on behalf of SD, none of which, other than the March 9, 2017 meeting requested by HUB, occurred in Illinois. (Stoughton Decl. ¶¶ 11, 13, 14).

HUB has not asserted the presence of a contractual relationship with SD or Mr. Stoughton. (Compl. ECF No. 27; Stoughton Decl. ¶ 11).  Assuming arguendo, if there were any contractual transactions between SD and HUB, any such transactions involving SD and HUB were transactions between HUB and a limited liability company, *i.e.*, "SD"; not between HUB and Mr. Stoughton, as an individual. (Stoughton Decl. ¶¶ 11, 13, 14). Mr. Stoughton's involvement was limited to his capacity as an officer of SD which is a properly formed District of Columbia limited liability company. (Stoughton Decl. ¶ 13; Compl. ¶ 24, ECF No. 27).

6

Finally, even if the single meeting on March 9, 2017 between SD and HUB that took place in Illinois is deemed sufficient to establish personal jurisdiction over SD, it is well settled that personal jurisdiction over a business's individual officers cannot be based on the business's contacts within the state. *See Young v. Colgate-Palmolive Co.*, 790 F. 2d 567, 569-70 (7th Cir. 1986).

### III. COUNT I AND COUNT II OF THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6) BECAUSE HUB HAS FAILED TO STATE A CLAIM

HUB asserts two counts against Mr. Stoughton and SD. Count I is for Negligent Misrepresentation and Count II for Fraudulent Misrepresentation. (Compl. ECF No. 27).

#### A. Negligent Misrepresentation

HUB's Complaint includes a claim for negligent misrepresentation against all defendants, including Mr. Stoughton and SD. (Compl. ECF No. 27). The elements of a claim for negligent misrepresentation are (i) the defendant's duty to communicate accurate information; (ii) false statements of material fact; (iii) carelessness or negligence by the defendant in ascertaining the truth of its statements; (iv) an intention to induce the plaintiff to act; (v) action by plaintiff in reliance on the truth of the statements; and (vi) damages. *See F:A J Kikson v. Underwriters Labs., Inc.* 492 F.3d at 800, 801 (7th Cir. 2007).

##### 1. HUB's Complaint Is Insufficient To Meet The Duty Requirement Of A Claim For Negligent Misrepresentation

Significant to element (i) set forth above regarding duty, there is no agency, contractual or fiduciary relationship, actual or implied between Mr. Stoughton or SD and HUB. (Stoughton Decl. ¶¶ 11, 12, 14, 15). HUB does not plead or contend that a contractual or fiduciary relationship exists between HUB and Mr. Stoughton or SD. (*See generally*, Compl. ECF No. 27). The only mention of "duty" in the Complaint involves HUB's allegations of a duty existing

7

between SD, Mr. Stoughton and a category of entities referred to as "plan participants and their beneficiaries." (Compl. ¶¶ 67-69, ECF No. 27). HUB does not contend anywhere within the Complaint that HUB occupies the status of a "plan participant or beneficiary" or that there was any legal duty owed by SD or Mr. Stoughton to HUB.

The Complaint fails to plead or provide specific factual contentions that would give rise to a duty between HUB and Mr. Stoughton or SD. For negligent misrepresentation, a plaintiff must allege facts to support that the defendant <u>owes a duty to the plaintiff</u> to communicate accurate information. *See Quinn v. McGraw Hill Companies*, 168 F.3d 331 (7th Cir. 1999 ). HUB's inability to plead any facts that would give rise to create a legal duty upon SD or Mr. Stoughton to protect HUB is fatal to HUB's claims. *Id.*

Whether the law imposed upon the defendant the obligation to protect the plaintiff against the consequences of what occurred, is a question of law and is not for the jury. *See Fulk v. Illinois Cent. R. Co.*, 22 F.3d 120, 125 (7th Cir. 1994). The determination of any question of duty, within the context of a Rule 12(b)(6) motion to dismiss, is proper for the Court. *Id.*

    2.    **HUB's Complaint Fails To Plead Sufficient Facts To Support A Claim For Negligent Misrepresentation**

While notice pleading is the general rule for negligence based claims, it is still a requirement that a plaintiff plead actual facts sufficient to place a defendant on notice of what exactly it is alleged to have done wrong. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Surviving a Rule 12(b)(6) motion to dismiss "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Bell Atlantic*

*Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Below, this Motion argues that the Court should dismiss each of the two counts pending against Mr. Stoughton and SD pursuant to Rule 12(b)(6).

HUB <u>fails to identify any specific false</u> statements made by Mr. Stoughton or SD but merely uses labels and broad statements that Mr. Stoughton, individually and on behalf of SD attended a meeting with a host of others who are alleged to have made general statements to the effect all existing and future claims for medical benefits would be paid and that the Plans were on track and would remain financially sound and operate appropriately. (Compl. ¶¶ 38-43, ECF No. 27). Such vague, conclusory allegations that Mr. Stoughton and SD participated in such a meeting is insufficient to satisfy the pleading requirements for a negligent misrepresentation claim. *See Tricontinental Industries, Limited v. Pricewaterhousecoopers, LLP,* 475 F.3d 824, 839 (7th Cir. 2007).

On its face the general assertions contained within the Complaint are nothing more than conclusory statements with no context or specificity as to alleged false statement, the individual making the purported false statement, or specified basis asserted as to how or why such a general contention would even constitute a false statement or how or why the purported statement maker would have known the statement was in fact false. The general assertions relied upon by HUB to establish a claim for negligent or fraudulent misrepresentation are insufficient to survive a motion to dismiss under Rule 12(b)(6). *Id.*

### 3. HUB's Complaint Fails To Plead Sufficient Facts To Show Justifiable And Reasonable Reliance Upon Any Alleged False Statement

An additional element of any claim for negligent misrepresentation is the requirement that HUB's reliance on the alleged false statement was reasonable. *See Quinn v. McGraw Hill Companies,* 168 F.3d 331 (7th Cir. 1999) (affirming grant of Rule 12(b)(6) motion to dismiss for failure to state a claim). HUB's Complaint generally contends, without any specifics that Mr.

9

Stoughton and SD falsely stated or suggested all existing and future medical benefits claims against the Plans would be paid and that the Plans were "on track." (Compl. ¶¶ 38-44, ECF No. 27). However, HUB fails to plead within the Complaint any alleged facts that would even suggest Mr. Stoughton or SD had any specific knowledge as to the status or health of the AEU plan or AEU's intentions regarding distribution of the AEU funds held by SD. In fact, HUB concedes that SD's only involvement was merely to hold Plan funds provided to it by AEU and distribute the funds in accordance with directions from AEU. (Compl. ¶ 26, ECF No. 27). HUB has alleged no facts within its Complaint that would support its alleged justifiable reliance upon any false misrepresentations, whether intentional or negligent, from SD or Mr. Stoughton as to the financial health of any subject Plan or the Plan's ability to cover future medical expenses. (Compl. ECF No. 27). Furthermore, at the March 9, 2017 meeting where nonspecific false statements were allegedly made by SD and Mr. Stoughton, HUB already knew there were substantial problems with Plan servicing and payment of medical claims under the Plans. (Compl. ¶¶ 31-33, ECF No. 27).

      HUB's admitted knowledge of financial problems with the Plans should have alerted HUB to the fact it was responsible for doing its own homework about the risks of nonpayment of medical expense claims under the troubled Plans. This fact is significant because justifiable reliance as a required element of any negligent misrepresentation claim cannot be established as a matter of law, where advance specific knowledge of adverse or problematic facts relevant to the alleged misrepresentations are known by the plaintiff. *See Quinn v. McGraw Hill Companies*, 168 F.3d 331 (7th Cir. 1999). In light of the above facts set forth in the Complaint, no reasonable jury could find that HUB justifiably or reasonably relied on SD or Mr. Stoughton's alleged evaluation as to the quality of the applicable benefit Plans or the Plan's ability to fund current or

future medical benefit claims under the Plans, given HUB's acknowledgment in the Complaint that SD and Mr. Stoughton had nothing to do with Plan management or responsibility and their only Plan involvement was to issue checks at the direction of AEU. *Id.* (Compl. ¶¶ 15-30, ECF No. 27).

      **B.**    **Fraudulent Misrepresentation**

In order to state a claim for fraud, the plaintiff must allege that the defendant "(i) made a false statement of material fact; (ii) knew or believed the statement to be false; (iii) intended to and, in fact, did induce the plaintiff to reasonably rely and act on the statement; (iv) caused injury to the plaintiff." *See Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 766 (7th Cir. 2010).

Additionally, Federal Rule of Civil Procedure 9(b) creates a heightened pleading standard for claims involving fraud, requiring a pleading to "state with particularity the circumstances constituting fraud." *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). Those circumstances include "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *See Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994).

      **1.**    **HUB Failed To Plead False Statements With Sufficient Specificity**

HUB does not identify with specificity any false statement attributed to SD or Mr. Stoughton. (Compl. ECF No. 27). The alleged false statements were generally pled by category, such as the Plan was "on track" or "current and future claims will be paid." (Compl. ¶¶ 38-45, ECF No. 27). The alleged false statements are not attributed to individuals, but are generally attributed to a group of defendants. (Compl. ¶¶ 38-45, ECF No. 27). Movants assert that the reason HUB does not identify specific misrepresentations, time and circumstances, and content is

11

quite simple; it is because they do not exist. (Stoughton Decl. ¶ 14). It is well settled law that such generalizations and conclusory statements in a claim for fraudulent misrepresentation cannot survive a Rule 12(b)(6) motion to dismiss. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732 (7th Cir. 2014); *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771 (7th Cir. 1994).

HUB fails to plead the specific content of the alleged misrepresentation(s) which SD or Mr. Stoughton made or how any such statements were false. In essence all are lumped together in a "shotgun" approach, which makes it all but impossible to know which allegations of fact are intended to support which claims for relief. Such a "shotgun" approach is impermissible and therefore Count II should be dismissed. *See Custom Guide v. Career Builder, LLC,* 813 F. Supp 2d 990, 1001 (N.D. Ill. 2011).

    **2.    False Statements As To Future Acts Are Not Sufficient To Support A Claim Of Fraudulent Misrepresentation**

The Complaint's allegations that SD and Mr. Stoughton joined a chorus of other defendants to state current and future unpaid medical claims would in fact be paid and the Plans would remain on track are representations related to future acts or expectations. (Compl. ¶¶ 38-43, ECF No. 27). It is the general rule of law in Illinois that a plaintiff may not base a fraud claim on a defendant's statement that is about future acts or expectations. *See Avon Hardware Corp. v. Ace Hardware Corp.,* 2013 IL App (1st) 130750; *Non-Profit Risk Mgmt. Ass'n v. Human Serv. Ctr. of Southern Metro-East,* 378 Ill. App. 3d 713,723 (2008). *See also, HPI Health Care v. Mt. Vernon Hosp. Inc.,* 545 N.E.2d 672, 682 (Ill. 1989) (holding under Illinois law, misrepresenting an intention to perform future conduct, even if made without a present intention to perform, does not constitute fraud).

### 3. HUB Fails To Plead Any Facts That Would Establish Or Suggest SD Or Mr. Stoughton Knew Or Should Have Known Any False Statements Attributed To Them Were In Fact False

The Complaint makes it clear that SD's role in the Plans was limited to serving as a clearing house for Plan funds to be deposited and distributed under the direction of defendant, AEU. (Compl. ¶¶ 24-28, ECF No. 27). The Complaint makes it equally clear that operational control, responsibility for the Plans and discretion as to the management and distribution of Plan funds, was vested in parties other than Mr. Stoughton and SD. (Compl. ¶¶ 16, 18, 19, 21, 29, 30, ECF No. 27). The Complaint contains no allegations that Mr. Stoughton or SD had any basis of knowledge as to what future instructions they would be given regarding the distribution of funds controlled by AEU. (Compl. ECF No. 27).

The failure to plead any set of facts that establishes intent, knowledge or scienter of any alleged false statement is fatal to HUB's claim of fraudulent misrepresentation. *Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 766 (7th Cir. 2010).

### 4. HUB Has Not Pled Any Facts That Would Establish Reasonable Or Justifiable Reliance Upon Any Alleged Fraudulent Misrepresentation Made By SD Or Mr. Stoughton

Lastly, each argument in support of SD and Mr. Stoughton's Motion to Dismiss previously set forth in this Memorandum of Law regarding the reasonable or justifiable reliance element of a claim for negligent misrepresentation is equally applicable to HUB's claim of Fraudulent Misrepresentation and said arguments and citations in support of this Motion to Dismiss are incorporated herein by reference.

Therefore, for the aforementioned reasons, Count II claim for Fraudulent Misrepresentation fails to state a claim against Mr. Stoughton or SD and should be dismissed.

IV.     **CONCLUSION**

For the reasons stated above, Thomas B. Stoughton and SD Trust Advisors, LLC respectfully request that this Court:

Dismiss HUB's Complaint against Thomas B. Stoughton for lack of personal jurisdiction;

Dismiss HUB's Complaint against SD Trust Advisors, LLC for lack of personal jurisdiction;

Dismiss with prejudice HUB's Complaint against Thomas B. Stoughton for failure to state a claim;

Dismiss with prejudice HUB's Complaint against SD Trust Advisors, LLC for failure to state a claim;

And for such other and further relief as this Court deems just and proper.

This the 3rd day of April, 2023.

/s/ Kevin P. McJessy
One of the Attorneys for Thomas B. Stoughton and SD Trust Advisors, LLC
McJessy Ching & Thompson, LLC
3759 N. Ravenswood Ave., Ste. 231
Chicago, IL 60613
773.880.1260
mcjessy@MCandT.com

*/s/ D. Scott McPherson*
D. Scott McPherson
One of the Attorneys for Thomas B. Stoughton and SD Trust Advisors, LLC
Pro Hac Vice Applied
GA Bar 498810
582 Thompson Rd.
Sparta, GA 31087
770-313-5131
georgialegalclinic@yahoo.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 3, 2023, the foregoing **Defendants Thomas B. Stoughton and SD Trust Advisors, LLC's Combined Motion to Dismiss the Second Amended Complaint and Supporting Memorandum of Law** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois by filing through the PACER CM/ECF system, which electronically serves a copy of the foregoing upon all parties and counsel of record.

      /s/ Kevin P. McJessy

# 22-cv-1270

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUB INTERNATIONAL MIDWEST LIMITED, </br></br>  Plaintiff, </br></br> v. </br></br> SD TRUST ADVISORS, LLC AND THOMAS B. STOUGHTON, et al., </br></br>  Defendants. | Case No. 22-CV-1270 |

**DECLARATION OF THOMAS B. STOUGHTON**

I, Thomas B. Stoughton, make the following declaration under penalty of perjury:

1.

I am over the age of 18 years, suffer from no mental disability, and am legally competent to make this Declaration.

2.

I am a named and served Defendant in this action, and also the managing member of Defendant SD Trust Advisors, LLC.

3.

This Declaration is based upon my own personal knowledge.

4.

I am a citizen of the State of Georgia, and have resided in Georgia since 1967.

5.

I have never been a citizen of Illinois.

6.

I do not own, nor have I ever owned, leased or occupied any real property in Illinois.

7.

I do not currently own, store, or claim any personal property located in the State of Illinois.

8.

I do not currently, nor have I ever owned or possessed, or registered, any vehicle in the State of Illinois.

9.

I do not possess any personal licenses issued by the State of Illinois for any purpose, personal or business.

10.

Neither I, or SD Trust Advisors, LLC currently own any bank accounts or other financial assets of any kind maintained within the State of Illinois, and neither I, or SD Trust Advisors, LLC have ever owned any bank accounts or other financial assets of any kind maintained within the State of Illinois.

11.

Neither I or SD Trust Advisors, LLC conduct business within the State of Illinois. Neither I or SD Trust Advisors, LLC have entered into any contracts in the State of Illinois, nor have I, or SD Trust Advisors, LLC ever entered into any contracts with HUB International Midwest Limited, ("HUB") the Plaintiff in this case.

12.

This litigation involves health insurance plans to provide benefits to a variety of employers and their employees in the United States (the "Plan" or "Plans"). I have never served as plan manager for any of the Plans at issue in the above styled case. My only connection with any of the Plans or monetary funds at issue in the case was to serve as a temporary custodian holder in escrow of Plan funds deposited by defendant, AEU Holdings, LLC or AEU Benefits, LLC ( collectively "AEU" ) and to distribute the funds in accordance with instructions from AEU. I never had or exercised any discretion or managerial control over the funds or where or to whom they were distributed.

13.

At all times and in all conduct relevant to this litigation I acted in my capacity as an officer of SD Trust Advisors, LLC, a District of Columbia limited liability company.

14.

In my capacity of managing member of SD Trust Advisors, LLC, I accepted an invitation from HUB, the Plaintiff in this case, to attend a meeting in Illinois on or about March 9, 2017. The meeting was attended by representatives of HUB and AEU. In regard to the Plans and current or future claims for medical benefits due Plan beneficiaries, I did not make any promises or assurances of payments, future deposit amounts or future payments at the March 9, 2017 meeting, as my participation with the Plan funds and distributions was limited to following escrowed fund dispersal instructions as described above.

15.

Neither myself or SD Trust Advisors, LLC had any operational control, management responsibility or discretion as to the operations and practices of any Plan involved in this litigation.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing facts are true and correct.

This the 17th day of May, 2022.

_____
Thomas B. Stoughton
Declarant and manager of SD Trust Advisors, LLC

Sworn before me as true and correct,
on this the 17th day of May, 2022.

_____ Exp: 4/18/24
Notary

RYAN MCLAUGHLIN
Notary Public, Georgia
Gwinnett County
My Commission Expires
April 18, 2024